UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN BRYAN ADAMS; A.A., a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>Defendants. | CASE NO. 2:25-1360-JHC<br><br>ORDER RE: DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION |

This matter comes before the Court sua sponte. On July 18, 2025, self-represented Plaintiff Alan Bryan Adams and his minor child, A.A., filed a Complaint against the State of Washington, King County Superior Court, Katherine Jones, STOP Agency, Judge Jason Poydras, Assessment and Treatment Associates, Natasha Holian-Ryan, and Washington State Department of Social and Health Services. Dkt. # 1. The Court has reviewed Plaintiffs' Complaint and, for the reasons discussed below, DISMISSES it without prejudice for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine.

Plaintiffs allege, among other things, that Defendants deprived them of civil rights under 28 U.S.C. § 1983 due to constitutional violations during family law and child custody proceedings. Dkt. #1-1. Plaintiffs allege that Adams's "fundamental right to care, custody, and

ORDER RE: DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION - 1

control of [A.A.] was violated through parenting restrictions imposed without credible evidence or adherence to constitutional safeguards." *Id.* at 4.  Plaintiffs contend that King County judicial officers ordered Adams to submit to multiple domestic violence assessments and imposed restrictive parenting conditions without a clear legal basis. *Id.* at 2.  Plaintiffs says that Judge Poydras entered "restrictive parenting orders based on conclusory findings and disregarded sworn testimony and prior Level 0 DV findings, exercising his state judicial authority to infringe Mr. Adams's parental, liberty, and property rights." *Id.* at 1.  Plaintiffs request that this Court "immediately enjoin enforcement of the final orders entered by Judge Jason Poydras in King County Superior Court pending the resolution of [their] claims" under § 1983.  Dkt. # 2.

The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  Under the *Rooker–Feldman* doctrine, federal courts lack subject matter jurisdiction over lawsuits that are, in effect, appeals from state court judgments.  *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003).  If the case is a de facto appeal of a state court judgment, the plaintiff is barred from litigating "any issues that are 'inextricably intertwined' with issues in that de facto appeal." *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1142 (9th Cir. 2004) (quoting *Noel*, 341 F.3d at 1163).  And "the *Rooker-Feldman* doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all 'state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was

unconstitutional.'"  *Cogan v. Trabucco*, 114 F.4th 1054, 1064–65 (9th Cir. 2024) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003)).[1]

Plaintiffs request that this Court review the decisions in the underlying family law action in King County Superior Court and seek injunctive relief from Judge Poydras's final orders. This action is precisely the kind of challenge to a state court decision that is barred by the *Rooker-Feldman* doctrine.  Even though Plaintiffs frame their claim as a § 1983 challenge, Plaintiffs are seeking appellate review of a state court action.  Under *Rooker-Feldman*, a losing party in state court is barred from seeking what in substance would be appellate review of a state judgment in federal district court, even if the party contends the state judgment violated his or her federal rights.  *See Feldman v. McKay*, No. CV 15-04892 MMM (JEMx), 2015 WL 7710145, at *3 (C.D. Cal. Nov. 25, 2015), *aff'd*, 676 F. App'x 713 (9th Cir. 2017) (citing *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013)); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986) (stating that the *Rooker-Feldman* doctrine "applies even when the challenge to the state court decision involves federal constitutional issues"); *Cooper v. Ramos*, 704 F.3d 772, 781 (9th Cir. 2012) ("Because Cooper in fact challenges the particular outcome in his state case, it is immaterial that Cooper frames his federal complaint as a constitutional challenge to the state court's decision, rather than as a direct appeal of that decision") (cleaned up).

---

[1] The *Rooker-Feldman* doctrine bars federal jurisdiction when the federal suit is initiated after state court proceedings have ended.  *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 604 n.1 (9th Cir. 2005), *as amended on denial of reh'g*, No. 03-16878, 410 F.3d 602, 2005 WL 1323223 (9th Cir. July 21, 2005).  Based on Plaintiffs' Complaint and other filings, the state court proceedings pertinent here sufficiently ended before the initiation of this action for purposes of the *Rooker-Feldman* doctrine.  *See* Dkt. # 3 (requesting that the Court enjoin enforcement of Judge Poydras's final orders); *see also Marciano v. White*, 431 F. App'x 611, 613 (9th Cir. 2011) ("The fact that Marciano filed his federal suit before his state court appeals have concluded cannot be enough to open the door for a federal district court to review the state court decisions. To hold otherwise would run counter to the doctrine's underlying principle that review of state court decisions must proceed through the state appellate procedure and then to the United States Supreme Court.").

ORDER RE: DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION - 3

Plaintiffs also challenge of the state court's denial of "ADA and [m]edical [a]ccommodations" including the denial of "reasonable accommodations for PTSD and TBI during proceedings[.]" Dkt. # 1-1 at 1–2, 5. The *Rooker-Feldman* doctrine bars challenges to state court decisions about ADA accommodations. *See Langworthy v. Whatcom Cnty. Superior Ct.*, No. C20-1637-JCC, 2021 WL 1788391, at *3 (W.D. Wash. May 5, 2021) ("Under *Rooker-Feldman*, this [c]ourt cannot review the state courts' decisions about what accommodations the ADA requires."). Plaintiffs must appeal the state court's accommodations decisions within the state court system. *See id.*

And Plaintiffs' claims related to "systematic failures" and "violations" by various state agencies are inextricably intertwined with the de facto appeal because the Court "must hold that the state court was wrong" to find in his favor. *See Doe & Assocs. L. Offs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (determining that the *Rooker–Feldman* doctrine barred the plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").

For these reasons, the Court DISMISSES without prejudice Plaintiffs' claims for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.,* 336 F.3d 982, 985 (9th Cir.2003) (a court may dismiss sua sponte for lack of subject matter jurisdiction without violating due process). The Court GRANTS Plaintiff leave to amend their complaint within 14 days of the filing of this Order. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (when a court dismisses a self-represented plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint). If Plaintiffs' amended complaint fails to meet the required pleading standard, the Court will dismiss the matter with prejudice. Because the Court

ORDER RE: DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION - 4

dismisses Plaintiffs' complaint, it DENIES Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction and Motion for Court Appointed Counsel as moot.  Dkt. ## 2, 3.

Dated this 21st day of July, 2025.

*John H. Chun*

John H. Chun
United States District Judge

ORDER RE: DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION - 5