UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN BRYAN ADAMS; A.A., a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>Defendants. | CASE NO. 2:25-1360-JHC<br><br>ORDER |

This matter comes before the Court sua sponte.

On July 18, 2025, Plaintiffs Alan Bryan Adams and his minor child, A.A., filed a 42 U.S.C. § 1983 action against the State of Washington, King County Superior Court, Katherine Jones, STOP Agency, Judge Jason Poydras, Assessment and Treatment Associates, Natasha Holian-Ryan, and Washington State Department of Social and Health Services. Dkt. # 1. The Complaint alleges various violations of Plaintiffs' constitutional and statutory rights stemming from a prior family law and child custody dispute before a Washington state court. *Id.* After reviewing the Complaint, the Court concluded that under the *Rooker–Feldman* doctrine, it lacked subject matter jurisdiction. Dkt. # 6. Accordingly, the Court dismissed the Complaint without prejudice and granted Plaintiffs leave to amend. *Id.*

ORDER - 1

     Plaintiffs filed an Amended Complaint on September 16, 2025. Dkt. # 10. Like the original Complaint, the Amended Complaint asserts 42 U.S.C. § 1983 claims against King County Superior Court, Katherine Jones, STOP Agency, and Judge Jason Poydras. *Id.* It also alleges violations of Plaintiffs' constitutional and statutory rights stemming from the prior state court proceedings, but with a slightly stronger emphasis on the ADA. *Id*.

     Despite these changes, the Amended Complaint still fails to meet the required pleading standards. As explained in this Court's prior dismissal order:

> Under the *Rooker–Feldman* doctrine, federal courts lack subject matter jurisdiction over lawsuits that are, in effect, appeals from state court judgments. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). If the case is a de facto appeal of a state court judgment, the plaintiff is barred from litigating "any issues that are 'inextricably intertwined' with issues in that de facto appeal." *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1142 (9th Cir. 2004) (quoting *Noel*, 341 F.3d at 1163).

Dkt. # 6 at 2. This same principle applies when a plaintiff alleges ADA violations in the context of state court proceedings. *See Langworthy v. Whatcom Cnty. Superior Ct.*, No. C20-1637-JCC, 2021 WL 1788391, at *3 (W.D. Wash. May 5, 2021) ("The *Rooker-Feldman* doctrine bars litigants from bringing claims against state courts based on denials of reasonable accommodations when the denial—in other words, the injury—is effected through a court order."). Because the Amended Complaint alleges injuries and rights violations that are effected via the prior state court order, the Court finds that Plaintiffs' action continues to operate as a de facto appeal of a state court judgment in violation of the *Rooker-Feldman* doctrine.

     Because the *Rooker-Feldman* doctrine bars federal courts from reviewing de facto appeals of state court judgments, the Court must dismiss Plaintiffs' action for lack of subject matter jurisdiction. Additionally, as Plaintiffs have already been granted leave to amend (and the Court finds that further amendment would be futile), the Court denies Plaintiffs the opportunity

ORDER - 2

to amend the complaint again. For these reasons, the Court DISMISSES Plaintiffs' Amended Complaint with prejudice. The Court STRIKES as moot the motion at Dkt. # 11.

Dated this 16th day of October, 2025.

*John H. Chun*
John H. Chun
United States District Judge

ORDER - 3